Waiting for some technical matter. I don't really understand exactly what it was or how to fix it. Divide your time as you like and need not ask for leave. Just manage your own time. We'll hear Nielson versus Nielson. Is this a pro se on one side? Pro se on one side, yes. Good morning, your honors. I'm James Nielson, the attorney for the appellant Sharon White, a creditor in a Chapter 7 bankruptcy proceeding. This was a no assets case? No asset, no bar date case. Why isn't the bankruptcy judge right that since it's a no assets case, there could be no prejudice? The creditor Sharon White was omitted from the matrix mailing. I know that, but why isn't the bankruptcy judge right that if there's no money there, what procedural error was committed against her, there could be no prejudice to her? She was denied due process of law for having... How much money did it cost her? It was about $8,500. Would she have gotten the $8,500 if she had gotten the notice? No, but she would have had an opportunity to... Would she have gotten a nickel if she had gotten the notice? We don't know whether or not... But it was no assets. It was no asset determined at that time, but she had no opportunity to examine the debtor. You had an opportunity to go through all the bankruptcy records, and please focus on my question. If I understood the bankruptcy judge right, he was saying it's a no assets bankruptcy, she wouldn't have gotten a nickel. Let's assume for purposes of discussion that she was denied the notice that she was entitled to, so she was denied the opportunity to participate that she should have had. Nevertheless, there was no prejudice because it didn't cost her a nickel. She wouldn't have gotten a nickel. And what I want is to know if the bankruptcy judge is right about that point. The... I'm not sure that he is, Your Honor. And he relied on the Beasley case, a Ninth Circuit case, as the court is very well aware. And he relied on the concurring opinion rather than the decision of the court. Whether or not that's precedent, it's not my view that the concurring opinion is precedent for establishing the rights of a party. Let's say it isn't. Was there any money? Well, the court at the time of the discharge determined that there was no money. But there were also no opportunity for the creditor to examine the debtor to try to ferret out whether there were hidden assets, whether there was some other fault that would have prevented the debtor from obtaining a discharge. I suppose there were other creditors on the matrix who had that opportunity, right? There were smaller creditors, yes. Wasn't there one with an $80,000 mortgage holder or secured creditor who clearly had a motive to try and see whether there was anything to satisfy that obligation, right? Yes, but Sharon White was the largest unsecured non-priority creditor and had the most to gain by ferreting out information. But the secured creditor had a debt that was ten times hers, wasn't it? That's correct. So in a no-asset bankruptcy, if the secured creditor decides not to pursue the debtor, why should we think that there would have been anything left for your client? The secured creditor, of course, has the opportunity to take back the security collateral. That's correct. But I assume that there was a deficiency. I don't believe that that was ever determined. We can't tell from this record. We can't tell from the record, no. We don't know for certain what motivations the secured creditor had because we don't know the value of the security. From your review of the case, because your client did file post, I guess after the order was entered, filed a motion saying, hey, what about me, basically. But did your client submit anything indicating that there were other assets that could have affected the distribution? No, sir, she did not. She had no knowledge of any then. There were a lot of things she found out subsequent that she did not know in advance. The fact that this was the second bankruptcy proceeding within a decade that the debtor had filed. Is there anything that your review has disclosed that, if the record could be supplemented, would show more assets or something that were hidden or anything like that? Is there any evidence of fraud? The only thing I saw was the argument, well, she wasn't included and that was a fraud. But that may not be a fraud if it's just a mistake. And if there really are no assets, it's sort of like no harm, no foul. Well, we had no information at the time of any hidden assets. Whether or not the values stated on the debtor's petition were correct is subject to checking out to see. There's also the ability to question the creditor on his exemptions. And it's interesting to note in this case that there were two Schedule C exemptions filed or claimed, presumably one for the wife and one for the husband in this case. But they were claimed, one under the federal code and one under the state code, which is not permissible by the code. They have to both follow the same track, either state or federal. Of course, it wasn't pro se filing, right? You're suggesting that this pro se debtor is a little more experienced because of the prior bankruptcy filing than the typical? Yes, sir. What do you do about this finding of fact by the bankruptcy judge where he says the short of all this is fraud hasn't been established? You're still arguing fraud, but you don't show me that it's clearly erroneous. Well, when you sign the petition, you're signing that everything is correct. So there is fraud to the extent that it was not an honest signature that everything was true and correct. So you're saying it's clearly erroneous? Right. In other words, it was fraud upon the court in that the petition signed under oath that everything was honest and correct with respect to the filing. And that wasn't true in that the creditor was omitted. But the factual finding of the court speaks directly to that issue. We've got a factual finding that says that that omission was not fraudulent. So it seems to me that your response to Judge Kleinfeld's question is kind of a bit circular, Mr. Nelson. You've got to express the finding that that wasn't fraudulent. Evidently, the court was not particularly sensitive to whether or not everything was honest and correct at the time of filing. Well, he heard testimony from the team leader in the bankruptcy clerk's office as to the procedure that's followed in preparing the matrix. And after listening to that testimony, concluded that you had not established by sufficient evidence that the handwritten entry on that schedule was fraudulent. So aren't we bound by the bankruptcy court's factual findings that it was not fraud? Whether or not this court is bound by the factual finding depends upon their interpretation of the fraud. Well, you have to be able to point to evidence which will allow us to conclude that that factual finding was clearly erroneous. And I haven't heard you articulate the evidence that would permit us to make that determination. Well, I think the circumstantial evidence would prove that. We know that there were only 18 names counted on the matrix of predators at the time that the clerk entered it into the computer. A 19th name was added at some subsequent point in time. We know that the filing log, which is maintained to account for everyone who checks out the official records, is missing for the year 2000, the year in which this was filed. We know that the creditor, Sharon White, was the largest unsecured creditor by a significant amount, some 1,400 versus 8,500. I think the next largest unsecured creditor was approximately 1,400, if my memory is correct. So it is difficult to think that the largest unsecured creditor, and possibly the one who would shove a party into bankruptcy, would forget to list this creditor. So it seems reasonable to conclude that she was omitted intentionally rather than through inadvertence. We do have a clearly erroneous standard so that if it's reasonable, if that view is reasonable but there's another reasonable view, and people could look at the evidence either way, then we have to rule against you. We can only rule against you if we can say there's only one reasonable way to look at it. I am not aware of the other reasonable way to look at it other than the fact that what the trial court said was that even if it wasn't on there at the time of filing, then it didn't make any difference because it's immaterial. I think it is material. I thought he meant it was immaterial because there wouldn't have been any money there anyway. That goes back to, again, whether or not any hidden assets could have been found had she been given an opportunity. The other thing that was argued and not really addressed was the matter of jurisdiction. Now, it's difficult for me to understand. Counsel, we've read the briefs, so you don't forfeit anything and you are over time. Okay. Thank you, Counsel. Thank you, Your Honor. Thank you, Counsel. None of us really feel a need to ask you any questions or hear argument, but if there's something you feel it necessary to present. I would like to make one comment, if possible. In reviewing the documents from the previous case, I wanted to point out on the mailing matrix, the document in question, there are 19 entries, including the handwritten entry that apparently didn't get noticed. Schedule F, which lists all the non-priority unsecured creditors, has 18 items in there, but one creditor is listed twice for two separate accounts. Secured creditors has two items in there. So you would end up with, in the mailing matrix, 19 items on the mailing matrix itself. Thank you. Thank you. Dwight B. Nielsen is submitted. Thank you.
judges: Kleinfeld, Gould, Tallman